JOHNSON, Judge.
This is an appeal by appellant from an adverse final judgment.
We are faced with a technical application of facts as to the applicable statutory law.
Chapter 374, Florida Statutes, pertains inter alia to The Canal Authority of the State of Florida. The general and special powers granted to the Authority therein are the only powers accruing to the Authority. Among the powers granted is the right to eminent domain. F.S. § 374.071 particularly sets out that condemnation proceedings shall be maintained by and in the name of the corporation (Canal Authority).
F.S. § 374.161 provides for the corporation having the power and authority to enter into any and all contracts necessary or convenient to the exercise of any or all of the powers herein granted, including “authority to contract with the United States . . . for the construction, operation or control of said canal or any portion thereof.” The section does not grant the corporation the power to contract with the United States or any agency thereof for the purpose of condemning lands. To hold otherwise would be in direct conflict with F.S. § 374.071, which directs that such condemning proceeding be brought in the name of the corporation. The abuse of authority by the corporation in making a contract wtih the United States or the Corps of Engineers does not affect the validity of the Federal Court condemnation suit, but it does have materiality in the case sub judice.
In the second amended complaint, the appellant has alleged, inter alia, that the corporation, The Canal Authority, after having instituted condemnation proceedings in the State Court, in Marion County, Florida, and not being satisfied with the ruling of the State Court, rather than appeal from the Circuit Court, elected to dismiss the subject lands from the proceedings, and did then request the United States Army Corps of Engineers to file a new condemnation action in the United States District Court seeking to condemn the same property. Also, it is alleged that the Canal Authority deposited $500,000 with the United States District Court Clerk to cover costs, etc. It is also alleged that The Canal Authority “prevailed upon the United States of America to file such proceedings contrary to F.S. 374.071.”
In its answer The Canal Authority admits those allegations of the complaint that The Canal Authority had requested the United States Army Corps of Engineers to bring condemnation proceedings, that it had deposited $500,000 with the United States Army Corps of Engineers, and that it had “prevailed” upon the United States of America to file a proceeding in eminent domain in the United States District Court, Middle District of Florida, Ocala Division.
The trial court in this case made a finding of fact that the above allegations admitted by The Canal Authority were true, *497 the United States Army Corps of Engineers case being Case No. 69-26-Civ-Oc. The trial court also agreed with the United States District Court and the United States Court of Appeals, Fifth Circuit, that The Canal Authority was not the real party in interest in the Federal suit. We think the Court was correct in this facet of its order, but we do not agree with the trial court’s determination, as found in the trial court’s order of June 26, 1973, at subpara-graph (k), to wit:
“(k) This . . . and no statutory authority or any other basis exists under which the plaintiff can be awarded attorney’s fees and costs by this Court as a result of the services of plaintiff’s attorney and costs in the federal condemnation action and federal appeal . . . ” (Emphasis supplied.)
We think the second amended complaint was broad enough in its allegations of the plaintiff’s grievances to state a cause of action for damages to the plaintiff. The mere fact the damages consisted of the costs and attorney’s fees, brought on by the avowed action of The Canal Authority, we deem the complaint to be an action in damages. The cause of action resulted because of The Canal Authority’s action in prevailing upon the Corps of Engineers to resort to Federal Condemnation, wherein it was known that the landowner could not recover costs and attorney’s fees.
In the opinion of the United States Court of Appeals, Fifth Circuit, 471 F.2d 320 at page 335, we find this finding by the United States Court:
“. . . As noted at the beginning of this opinion, this unfortunate situation would not have arisen had the Canal Authority pursued its appellate remedies following the state court’s refusal to approve the taking of fee simple title to Parcel # 1. The Canal Authority, . . . or for some other reason, opted instead to enlist the assistance of the United States Army Corps of Engineers in securing , fee simple title to the Eureka Pool property, Parcel #1. The Corps of Engineers cooperated fully by taking the necessary steps to initiate and complete the federal condemnation proceeding now before us on this appeal. . . ."
“. . .If fault is present, it is that of the Canal Authority. If the Canal Authority had either (1) pursued its appellate remedy from the state court refusal to allow the taking of a fee simple title to Tract #1, or (2) had initially asked the United States to bring federal condemnation proceedings against all the Ocala Manufacturing owned lands required for the Canal, the present dilemma would not exist. . . . ”
The quoted portion of the opinion of the United States Court of Appeals, Fifth Circuit, is supportive of the plaintiff’s complaint. The Canal Authority could have appealed, but thereby it would have been subject to costs and attorney’s fees. Again, the complaint is for damages, not attorney’s fees and costs in the Federal suits as such.
In the appellee’s brief the verdict in the Federal Condemnation suit for Parcel #1, was termed “generous”. The verdict for Parcel #1 amounted to less than $375 per acre. Had the Federal Court granted the landowner’s proposal to reconvey the lands of Parcel #1 back to Ocala Manufacturing, we think this Court can almost take judicial knowledge of the fact that said lands could probably be sold today, or at the time of the Federal Court’s decision, at more than double, or thereabouts, the amount of the verdict. We mention this fact only to show by comparison that the claim of the appellant herein is not frivolous or unreasonable.
The trial court also, by its amended final judgment, found that if it were determined in some future appellate proceeding that attorney’s fee would be allowable, then in that case, the plaintiff would be entitled to recover the sum of $400,000.00 and costs of $33,561.00. Even though we do not agree *498 with the terminology of the trial court in alluding to the attorney’s fees as such, rather than as damages, as we have determined to be the thrust of the complaint, we think the trial court had before it competent evidence to support its finding as to the amount (of attorney fees or damages).
The Constitution of Florida, Article X, Section 6, provides “no private property shall be taken except for a public purpose and with full compensation therefor paid to each owner . . . ”
Chapter 374, F.S., created the body corporate to be named “The canal authority of the State of Florida.”
Chapter 73, F.S., provides for the eminent domain proceedings including the determination of compensation to be paid, costs of the proceedings, including a reasonable attorney’s fee.
We have here a corporate body, a creature of the Legislature of Florida, with powers and authority to condemn private property under Florida constitutional and statutory regulations, which abandoned the Florida state court because it was determined that a better deal could be had through the Federal courts, irrespective of the damage that would accrue to the landowner. We feel that a statutory body should be bound by the same statutory and constitutional requisites as to the amount of damages accruing to a landowner as a result of the action of such statutory body. Both the Federal courts and the State trial court have found that The Canal Authority was the motivating force which ended in the appellant herein losing its property. The appellant was damaged by the actions of The Canal Authority. Therefore, we feel and so hold, that the measure of damages claimed by the appellant is the amount the appellant lost by reason of the appellee’s action in prevailing on another agency, through Federal Court action, to do that which would result in a damage or loss to the landowner, and that the amended complaint stated a cause of action and the evidence was sufficient to support the same.
Inasmuch as we think the trial court erred in its application of the law to the facts and evidence as found or admitted in the pleadings in construing the complaint to be only one for attorney fees and costs accruing from a Federal case, we must reverse. The Assignments of Error 6, 7, 8, 9 and 10 are sufficient upon which to base this opinion.
We deny appellant’s petition for attorney’s fees in this appeal before this Court, but we do find that the costs hereof should be charged to the appellee.
The judgment appealed from is hereby reversed and the case is remanded to the trial court for entry of final judgment in favor of appellant for the amount of $433,561.00, plus the costs of this proceeding, including this appeal.
RAWLS, C. J., and SPECTOR, J., concur.